IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-42438-TLS |
| | ) | |
| LEROY DAVID BERNHARDT and | ) | CH. 13 |
| PATRICIA MARY BERNHARDT, | ) | |
| | ) | |
| Debtors. | ) | |

## **ORDER**

Hearing was held in Lincoln, Nebraska, on June 12, 2008, on Debtors' Motion to Vacate or Set Aside Order Granting Objection to Exemptions (Fil. #40), a Resistance by the Chapter 13 Trustee (Fil. #45), an Objection to Exemptions filed by the Chapter 13 Trustee (Fil. #47), and a Resistance by Debtors (Fil. #51). Kristen D. Mickey appeared for Debtors, and Marilyn Abbott appeared on behalf of the Chapter 13 Trustee.

On December 20, 2007, Debtors filed this case as a Chapter 7 proceeding. At the time of the Chapter 7 filing, Debtors were the owners of an undivided one-fourth interest in approximately 160 acres of real property situated in Morrill County, Nebraska ("Farm"). The total property is valued at $181,785.00, and Debtors' one-fourth interest is valued at $45,446.25.

At the time of bankruptcy filing, Debtors claimed a homestead exemption for their interest in the Farm. There are two houses situated on the Farm property, and Debtors intend to live in one of the houses. However, it is presently in a state of disrepair, and Debtors have rented a motor home which they have placed on the Farm property for their living accommodations until such time as the repairs can be completed to the house. Propane and water have been connected to the motor home.

On or about February 1, 2008, the Chapter 7 Trustee objected to Debtors' claim of homestead exemption. The objection required any resistance to be filed by February 21, 2008. Instead of resisting, on February 20, 2008, Debtors filed a Motion to Convert Case to Chapter 13 (Fil. #29), which motion was subsequently granted (Fil. #33). However, prior to the Order Granting Motion to Convert to Chapter 13, an Order Granting Objection to Exemptions (Fil. #31) was entered due to the lack of a timely resistance. Accordingly, Debtors filed the pending motion to vacate or set aside the order granting the objection to exemptions.

At the hearing, the Chapter 13 Trustee indicated that she had no objection to the motion to vacate provided that her objection to exemptions was heard on its merits. Accordingly, Debtors' Motion to Vacate or Set Aside Order Granting Objection to Exemptions (Fil. #40) is granted and the Order Granting Objection to Exemptions (Fil. #31) is hereby vacated.

In her objection to the claim of exemption, the Chapter 13 Trustee asserted that Debtors did not occupy the Farm on the date of bankruptcy filing as their homestead and with the intent to make it their permanent residence. Based upon the evidence and additional information provided by Debtors, the Chapter 13 Trustee now agrees that Debtors did occupy a motor home that had been

placed on the Farm property as of the date of bankruptcy filing. However, the Chapter 13 Trustee asserts that the leased motor home is not affixed to the Farm property and is not a dwelling for purposes of the homestead exemption.

The Chapter 13 Trustee acknowledges that a "trailer home" may qualify for a homestead exemption if it is permanently affixed to real estate that is either owned or rented. *In re Buzzell*, 110 B.R. 440 (Bankr. D. Neb. 1990); *In re Foley*, 97 F. Supp. 843 (D. Neb. 1951). However, she asserts that the home in this case is actually a recreational vehicle and is similar to the situation in *In re Zeleny*, Case No. 05-45008-TLS (Bankr. D. Neb. Jan. 18, 2006). In that case, Chief Judge Timothy J. Mahoney denied the debtors' claim of a homestead exemption in a fifth-wheel camper and pickup truck which were not affixed to any property of the debtors. Accordingly, the Chapter 13 Trustee asserts that the motor home Debtors are leasing while they repair the home located on the Farm does not constitute a dwelling house for homestead purposes. Debtors assert that the motor home issue is a "red herring." Debtors are not asserting that the motor home is their homestead. Instead, it is a temporary living space until the dwelling house located on the Farm is habitable.

Neb. Rev. Stat. § 40-101 provides as follows: "A homestead not exceeding sixty thousand dollars in value shall consist of the dwelling house in which the claimant resides, its appurtenances, and the land on which the same is situated, not exceeding one hundred and sixty acres of land . . . ."

The Nebraska courts have taken a liberal view of the type of improvements which satisfy the "dwelling house" requirement in the statute. In *Corey v. Schuster*, 44 Neb. 269, 62 N.W. 470 (1895), the Nebraska Supreme Court stated as follows:

> The law does not contemplate by the words "dwelling house" any particular kind of house. It may be a "brown stone front," all of which is occupied for residence purposes, or it may be a building part of which is used for banking or business purposes, or it may be a tent of cloth. All that the law requires on the subject is that the homestead claimant and his family should reside in this habitation or dwelling house, whatever be its character, on the premises claimed as a homestead.

*Id.* at 275, 62 N.W. at 472.

In *In re Foley*, 97 F. Supp. 843, the United States District Court for the District of Nebraska discussed the circumstances under which a trailer home could constitute a "dwelling" for homestead purposes. That court observed "[i]f a tent of cloth can have the essential attributes of a homestead, there is no apparent reason why a trailer house cannot." *Id.* at 846. The court went on to discuss cases which indicate that the dwelling must be affixed to the land and stated as follows:

> In view of these comments, even if we admit that the law requires the annexation of the chattel to the land in order for the chattel to qualify for the homestead exemption, it seems clear that courts should be very liberal in determining that a sufficient attachment to the realty has occurred.

*Id.* at 846-47.

In the present case, Debtors have moved into a motor home which has been connected to water and propane on the Farm property as a temporary residence while they make improvements to the house located on the Farm property. As the Nebraska Supreme Court has held:

> The law is undoubtedly settled in this state that one who purchases a tract of land with the bona fide intention of making it his home, and takes such active steps as his circumstances will allow toward its occupation, and actually occupies it within a reasonable time, may claim a homestead interest therein from the date of his purchase.

*Hair v. Davenport*, 74 Neb. 117, 103 N.W. 1042, 1043 (1905) (citing *Hanlon v. Pollard*, 17 Neb. 368, 22 N.W. 767 (1885)).

Accordingly, given the homestead statute's liberal construction, I find that Debtors' actual occupancy on the Farm property in which they own an undivided one-fourth interest, coupled with their intent to occupy the dwelling house upon its repair, is sufficient to support their claim of a homestead exemption.

IT IS, THEREFORE, ORDERED that the Chapter 13 Trustee's Objection to Exemptions (Fil. #47) is overruled.

Dated: June 17, 2008.

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
  *Kristen D. Mickey
  Marilyn Abbott/Kathleen Laughlin
  U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.